RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
5/8/15
YT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

OUNCER DVERN JONES            DOCKET NO. 15-CV-516; SEC. P

VERSUS            JUDGE DRELL

WARDEN            MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Ouncer Dvern Jones, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 5, 2015. [Doc. #1] Petitioner is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that he is being unlawfully detained in violation of the constitution of the United States.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Petitioner has been incarcerated since November 6, 2014, on a charge of simple battery. He alleges that a bill of information was filed beyond the statutorily required time-frame. Petitioner also complains that he was wrongfully denied bail because of a detainer placed by Louisiana's probation and parole department. He filed a motion to quash in the Tenth Judicial District Court, which was denied on February 18, 2015. He also filed an application for writ of habeas corpus in the Tenth Judicial District Court, which

Petitioner states was "suspended" and was not answered by the respondent. [Doc. #1, p.7]

## Law and Analysis

Petitioner is a pre-trial detainee who is challenging his present detention. Thus, his petition is properly filed as seeking relief pursuant to 28 U.S.C. §2241, which applies to persons in custody awaiting trial who have not yet been convicted. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) citing Ojo v. INS, 106 F.3d 680, 681 (5th Cir.1997), Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987).

## Exhaustion

The requirement of exhaustion of state court remedies in a federal habeas corpus proceeding filed pursuant to 28 U.S.C. §2254 is well-established. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). With regard to convicted inmates, a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. See Rose, 455 U.S. 509; Minor, 697 F.2d 697. The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."

Dickerson, 816 F.2d at 225; Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997).

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, a body of jurisprudential law requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. Dickerson, 816 F.2d at 224-225; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Federal courts should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. See Dickerson, 816 F.2d at 225, citing Braden, 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden, 410 U.S. at 493, 93 S.Ct. at 1129; Dickerson, 816 F.2d at 225-226.

The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense to a prosecution prior to trial, from one who seeks only to enforce the state's obligation to bring him promptly to trial. See

Dickerson, 816 F.2d at 225. In Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met. Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976).

Petitioner seeks his immediate release from custody and the dismissal of pending charges. Thus, exhaustion of state remedies must occur before this court may intervene.

Louisiana provides a remedy to pre-trial detainees who wish to contest the legality of their custody. See La. C.Cr.P. arts. 351 *et seq*. Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. See La. C.Cr.P. art. 701. Further, through the Motion to Quash, Louisiana criminal defendants may raise the issue of the timeliness of their prosecution. See La. C.Cr.P. arts. 531 *et seq*., and, arts. 571 *et seq*. Petitioner has filed a motion to quash and a petition for writ of habeas corpus in the judicial district court. **However,** he has not provided <u>all</u> state courts that could review the matter with a fair opportunity to review his claims. For example, Petitioner has not sought to invoke the supervisory jurisdiction of the appropriate court of appeal and, if necessary, the Louisiana Supreme Court.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus under Section 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 7th day of May, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE